# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Larry Kevin Goode, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 6:08-3309-PMD |
| v. ) | |
| ) | |
| Michael J. Astrue, Commissioner, ) | **ORDER** |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant contests the awarding of such fees, claiming that the Government's position in this case was substantially justified. For the foregoing reasons, Plaintiff's motion is denied.

## BACKGROUND

On February 10, 2004, Plaintiff protectively filed an application for Social Security Insurance benefits ("SSI") in accordance with Title II and XVI of the Social Security Act. On May 25, 2006, an Administrative Law Judge ("ALJ") found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. Using the five-step sequential evaluation required by 20 C.F.R. § 404.1520(a)(4), the ALJ found that Plaintiff had the following severe combination of impairments: coronary artery disease status-post coronary artery bypass grafting with resulting pain and fatigue, COPD, and obesity. However, the ALJ found that Plaintiff did not exhibit any impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. pt.404, subpt. P, app. 1 (the Listings). To meet Listing 4.04Cm an individual must have coronary artery disease as demonstrated by an angiography showing one of several listed

percentages for narrowing of an artery, and then it "must be documented to result in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living." (Order pp. 11-12.) While the ALJ found that Plaintiff met the first part of the listing, he also found that "the record does not document that this condition results in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living, as evidenced by [claimant's] testimony at the most recent hearing that [he] was able to perform some housework, his testimony from the first hearing was that he was able to cook and do laundry, and a report from May 2006 that he was able to actively care for a 5-year-old child." (Order p. 12.) While the ALJ found Plaintiff was unable to perform any past relevant work, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and thus the ALJ concluded that Claimant was not under a disability, from the date the application was filed. The Commissioner adopted the ALJ's opinion as his final decision.

Plaintiff brought this action to obtain judicial review of the final decision of the Social Security Commissioner, denying his claim for SSI benefits. On September 18, 2009, a United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Commissioner's decision denying Plaintiff benefits be reversed and that Plaintiff receive an award of benefits without remand. On March 11, 2010, the Court issued an order adopting the Magistrate Judge's R&R. However, the Court declined to adopt Magistrate Judge's recommendation for an immediate award of benefits and instead remanded Plaintiff's case to the ALJ for further explanation.

The Magistrate Judge recommended reversing the denial of benefits because he found that

the ALJ failed to properly explain his finding that Plaintiff did not have an impairment or combination of impairments that met or equaled one in the Listings, and also because the ALJ used isolated references to decide that Plaintiff failed to meet the listing and did not ask follow-up questions as to what type of household chores Plaintiff was able to do or how often he did them. Upon reviewing the record, the Court was unable to decide wither the denial of benefits was supported by substantial evidence and remanded the case for further explanation. On May 6, 2010, Plaintiff filed a Motion for Attorney's Fees under the EAJA seeking $4,771.86 in fees for 29.20 hours of work at the rate of $163.42 per hour.

On May 18, 2010, Defendant filed a Response to Plaintiff's Motion for Attorney's Fees, in which he objected to Plaintiff's request for an award of attorney's fees under the EAJA because the Government's position was substantially justified.

## **STANDARD OF REVIEW**

A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them, if the Government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir. 1991). This case turns entirely on the "substantial justification" question.

The Government bears the burden of proving that its position was substantially justified, thus precluding an award of attorney fees and costs under the Equal Access to Justice Act. *See Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). In order to meet its burden of showing that its position before the District Court was "substantially justified," the Government has the burden of establishing that its case has a reasonable basis in law and in fact, that is, justified to a

3

degree that could satisfy a reasonable person or justified in substance or in the main. *Id.* (holding that the Government's position must be substantially justified in both fact and law; favorable facts will not rescue the Government from a substantially unjustified position on the law, and accurate recital of law cannot excuse a substantially unjustified position on the facts).

To be substantially justified means more than merely undeserving of sanctions for frivolousness. *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, a position can be justified even though it is not correct and can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. *Id.*

The Government's burden of showing substantial justification is a strong one and is not met merely because the Government produces "some evidence" in support of its position. *Petrella v. Sec. of Health and Human Servs.*, 654 F. Supp. 174, 177 (M.D. Pa. 1987). The Government's position must be evaluated in light of the standards in existence when the decision was rendered. *Id.* Where the Government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified. *Randolph v. Sullivan*, 738 F.Supp. 305, 306 (C.D. Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the Government's position was frivolous. *Sierra Club v. Sec. of Army*, 820 F.2d 513, 518 (1st Cir. 1987).

## ANALYSIS

Defendant objects to Plaintiff's request for attorney's fees for his attorney, Beatrice E. Whitten. Defendant contends that Plaintiff should not be compensated for the time spent by Ms. Whitten because the Government's position in this case was substantially justified. For the foregoing reasons, the Court finds that the Government was substantially justified and denies

4

Plaintiff's motion.

The EAJA provides a mechanism for a plaintiff to recover her attorney's fees when the plaintiff prevails in a lawsuit against the United States Government. 28 U.S.C. § 2412(d)(1)(A). The statute specifically provides that the Court shall award these costs if: (1) the claimant is a "prevailing party;" (2) the Government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely files a petition supported by an itemized statement. *Id.* The Court finds that the second condition was not met in this case and, therefore, denies Plaintiff's request for attorney's fees.

The Court agrees with the Commissioner that the standard for determining whether the Government's position was substantially justified is not equivalent to the substantial evidence standard required by the Social Security Act. (Def.'s Response p. 1.) The Court acknowledges that "the reversal of an agency [decision] for lack of substantial evidence does not raise a presumption that the agency was not substantially justified." *Id.* (*citing Pullen v. Bowen*, 820 F.2d 105, 108 (4th Cir. 1987) (abrogation on other grounds recognized by *Lively v. Bowen,* 858 F.2d 105, 107 (4th Cir. 1987)). The Court also notes that "it would be a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified." *Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991). Adopting the two pronged approach of "reasonableness in law and fact," the Court finds that attorney's fees should not be awarded in this case. *See Pierce v. Underwood,* 487 U.S. 522, 565 (1988); *see also Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992).

The first requirement in *Thompson* is that the Government's position must be substantially justified on the *facts*. *Id.* The Court acknowledges, as an initial matter, that the adoption of the Magistrate Judge's Report and Recommendation, did not constitute a finding that the ALJ was

incorrect in ruling that Plaintiff was not disabled. Instead, the Court remanded the case based on the fact that the ALJ, at least in the written opinion on the matter, "relied on isolated portions of the record ... and in doing so ignored a breadth of evidence showing that Claimant has difficulty walking, showering, sleeping, breathing, and concentrating," and also that he "failed to sufficiently explain the weight he has given to this obviously probative evidence in making his decision that Claimant is not seriously limited in his ability to independently initiate, sustain, or complete activities of daily living." (Order p. 19.) The Court's opinion indicated that, "with a thorough analysis and description of the weight the ALJ gave to all of the evidence in the record, it is possible for the ALJ to correctly determine, again, that [Plaintiff] is not entitled to SSI benefits." (Def.'s Response p. 2.)

The Court agrees with the Commissioner that the "primary problem was the level of articulation in the ALJ's decision" involving the Plaintiff's ability to independently initiate, sustain, and complete activities. *Id.* Thus, the Court finds that there was evidence in the record that could have led a reasonable person to believe that Plaintiff was not, in fact, completely disabled. Accordingly, the Court finds that the ALJ's decision was substantially justified in fact.

The second requirement in *Thompson* is that the Government's position be substantially justified on the law. *Id.* In its previous order, this Court remanded this case to the ALJ for further explanation of why Plaintiff's impairments did not meet one of the Listings. However, this does not, of course, automatically mean that the Government's position was not substantially justified–if it did, payment of attorney's fees under the EAJA would be an automatic consequence of any finding for the Plaintiff.

Plaintiff contends that the Government's defense of the action taken at the administrative

level cannot be substantially justified because the Commissioner failed to adhere to the administration's rules and regulations and Fourth Circuit precedent regarding the proper method by which an ALJ is to analyze and describe the weight given to all the evidence in the Plaintiff's record. (Pl.'s Mot. Mem. pp. 1-2.) Commissioner objects as to there being such clear legal error, and indicates that because the Court acknowledged that "the ALJ could still find Plaintiff not disabled based on the evidence as a whole demonstrates that the government's position was at least reasonable in law ... despite any technical deficiencies in the ALJ's decision." (Def.'s Response p. 3.)

While the ALJ erred in not properly considering probative evidence in the record and by failing to sufficiently explain the weight he gave to that evidence, the ALJ did cite to statements made by Plaintiff that he can cook simple foods, perform household chores, and care for a 5-year-old child, in his determination that Plaintiff was not seriously limited in his ability to independently initiate, sustain, or complete activities of daily living. The Court notes that,"when determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the *totality of circumstances*, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Yurek v. Astrue,* 2010 WL 1779934 (E.D.N.C. May 03, 2010) (emphasis added). The fact that Plaintiff explained that he could start, perform, and complete three different types of daily activities provided reasonable grounds for the Government to argue that Plaintiff had not met his burden of establishing an impairment that met or medically equaled Listing 4.04C. While this argument was ultimately rejected by this court, it was not so clear-cut that a reasonable person could not have accepted it, and it was therefore substantially justified under the law.

Therefore, while the Court remanded the case for further explanation by the ALJ, the Government's position in opposing Plaintiff's seeking SSI benefits was factually and legally substantially justified, and therefore Plaintiff is not entitled to an award of attorney's fees under 28 U.S.C. § 2412.

## **CONCLUSION**

It is therefore **ORDERED** that Plaintiff's Motion for Attorney's Fees in the amount of $4,771.86 under the EAJA is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 16, 2010**